[Civ. No. 3762.  Second Appellate District, Division One.—November 29, 1921.]

## MINNIE SHIELDS PRICHARD, Appellant, v. MRS. M. H. PRICHARD et al., Respondents.

[1] HUSBAND AND WIFE—DIVORCE—SETTLEMENT OF PROPERTY INTEREST PRIOR TO PROCEEDING—SUFFICIENCY OF EVIDENCE.—In this action by a divorced wife to quiet title and to declare a trust in a parcel of real property as against the heirs of her former husband and the distributees under his will, the evidence supports the findings of a settlement of property interests prior to the divorce proceedings and of an absence of any property of a community character being brought into the estate.

APPEAL from a judgment of the Superior Court of Los Angeles County. Albert Lee Stephens, Judge. Affirmed.

The facts are stated in the opinion of the court.

Alpheus G. Reily for Appellant.

George A. Prichard and M. M. Meyers for Respondents.

JAMES, J.—Appeal by the plaintiff from a judgment denying to her the relief prayed for in her amended complaint. That complaint, in so far as its contents are material to questions here presented, sets forth causes of action to quiet title to a parcel of real property located in the county of San Bernardino, and also to declare a trust against the same property as against the defendants, who were heirs of and distributees under a will made by Joseph G. Prichard, deceased. The evidence offered was in support of the alleged cause of action asserting the right to have a trust declared. The contention here made is that the trial court's findings are not supported and that the evidence presented entitled the plaintiff to a judgment.

The plaintiff in the year 1911 was the wife of Joseph G. Prichard. The couple resided, during the most of their married life, at Omaha, where they acquired a small tract of land. This land was the property of the marital com-

munity. The husband in October, 1910, came to the city
of Los Angeles to visit his brothers, who are named as de-
fendants herein. The wife remained at Omaha to dispose
of the land. After having found a purchaser for the same
and having collected the proceeds, she came to Los Angeles
in April, 1911. The amount of money which remained in
her hands, resulting from the sale of the property in Omaha,
after paying debts owing by herself and husband there,
was about the sum of three thousand two hundred dollars.
It appeared that she resided with her husband in Los
Angeles for a few months and then left him and went
to reside with a sister, who also lived in the city named.
In October, 1913, she brought an action for divorce against
her husband, which was not contested, and an interlocu-
tory decree was entered on the second day of December,
1913. The complaint in the action for divorce contained
this allegation: ''That there are no children the issue of
said marriage and no community property to be settled or
disposed of by this action.'' On the eighth of September,
1914, Joseph G. Prichard died, leaving a will which de-
vised to these defendants the real property mentioned in
the complaint in this action. Probate proceedings were
duly had and decree of distribution was entered on the
tenth day of April, 1917. This action was commenced on
March 23, 1920, almost three years after the property and
estate of Joseph G. Prichard had been so distributed.
Plaintiff in her testimony admitted that she was informed
about a month after the death of her husband that that
event had occurred, but claimed that she had had no in-
formation of the pendency of the probate proceedings until
August, 1919. [1] She based her right to have the trust
declared as to the property referred to upon the claim that
such property was the community property of herself and
husband and that one-half of it should have been awarded
to her. The court found that there had been a settlement
of all property interests between the husband and wife
prior to the divorce proceedings being had. There is
abundant evidence in the record to sustain this finding
and the case need be given no further consideration than
to call attention to some of the facts and circumstances
which that evidence presents. It was admitted by both

parties that the husband used such money as he received
from the sale of the Omaha property in purchasing the
land described in plaintiff's complaint. While the plain-
tiff testified that after coming to Los Angeles she handed
over to her husband the net proceeds of that sale, it appears
in contradiction of such testimony that she in her own
handwriting rendered a statement, which was found among
the effects of her husband, showing a calculation of various
matters, including the amount received from the Omaha
property and a dividing of that amount into two equal
parts. It was also shown by the testimony of several wit-
nesses that after leaving her husband she stated that they
had settled their property matters; that she had given him
one-half of the proceeds from the sale of the Omaha prop-
erty and had invested money of her half, received from the
same source, by loaning the same in Omaha. She stated
further to some of these witnesses that she had given
"Joe" his half and kept her own and that they were through
"for good and always." Very significant also is the allega-
tion in her divorce complaint that there was no community
property requiring an order of court affecting the same.
When plaintiff was asked the question, during the taking
of her deposition, why community property had not been
adjusted in the divorce action, the only reply she had to
make thereto was that she did not know. It was shown
clearly that plaintiff was a woman of mature years, of
considerable mental keenness, and of long business experi-
ence. That she did not overlook any matter which would
result in benefit to her, we can very safely assume from all
the evidence as the record expresses it. The bringing of
this action may be considered as added evidence of her
industry in that direction. Respondents point to the fact
that probate proceedings were allowed to progress to dis-
tribution of the estate without protest made by this plain-
tiff, and that in consequence she would be debarred from
asserting any claim to property distributed. So well sat-
isfied are we with the court's determination of the case
upon the evidence that we feel it unnecessary to extend
this opinion to the discussion of any further propositions.
That evidence supported fully the determination of the
trial judge that there had been a settlement of all property

interests and that none of the property brought into the estate was of a community character.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.